Maine Sand & Gravel Company *vs*. Green & Wilson, Inc.

Cumberland.     Opinion, February 19, 1935.

*Frederic J. Laughlin,*
*Frank P. Preti,* for plaintiff.
*Harvey D. Eaton,* for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, HUDSON, JJ.

BARNES, J. This case comes up on defendant's exceptions to a ruling below. Defendant constructed a highway bridge.

Plaintiff furnished sand and gravel for both bridge and approaches. Contract for the construction is not in the bill of exceptions.

The action is in assumpsit, presumably for two items, sand and gravel for concrete work, and bank gravel furnished outside the contract.

The case was referred to Referees, the bill making "the report of the Referees and the decision of the Sitting Justice parts of this Bill of Exceptions."

Plaintiff sued for a balance for sand and gravel which it claims was furnished for and used in the construction.

The Referees held a hearing, made findings of fact, and, reporting themselves "unable to agree, upon the facts found, whether in law the plaintiff must be bound as to quantities by the contract provision or whether it is entitled to be paid for the quantities actually shown to have been furnished," returned their findings of fact and the undetermined question of law to the Court for his decision, as provided in Rules of the Courts, XLII.

The contract provision for the Court's interpretation and application is as follows:

"The quantities used are to be determined by the engineers' estimates of the finished concrete in place. In case the state engineers direct the use of 5¼ bags of cement to the yard of concrete then it is to be assumed that each yard of concrete contains 1155 lbs. of sand of the value of 40c and 2152 lbs. of gravel of the value of $1.29. In case the state engineers direct the use of 5½ bags of cement to the cubic yard of concrete then it is to be assumed that each yard contains 1155 lbs. of sand of the value of 40c and 2129 lbs. of gravel of the value of $1.27."

The inference is unquestionable that defendant was building under a specific and detailed contract with the State Highway authorities, and that plaintiff at the time of contracting with de-

fendant knew or should have known of the provisions of the contract of construction applicable to materials and mixtures thereof.

Compliance with fair and just requirements of the "State engineers" governing construction must be had; their directions as to constituents of concrete to go into the mixer and the proportions thereof must be complied with.

Sand and gravel may be measured and sold by cubic content, or by weight.

The parties to the contract before the court set up for themselves a modified weight method of determining the amount to be paid for such material.

The engineer of construction might vary the proportion of cement to other constituents and for reasons satisfactory to the parties, they agreed that settlement, while by weight, was not to be determined by the actual weight.

They stipulated, in the provision before us for interpretation that in each cubic yard of the finished concrete it was "to be assumed" the defendant had used 1155 pounds of sand and 2152 pounds of gravel when the product of a mixture carrying $5\frac{1}{4}$ bags of cement; and sand as before, with 2129 pounds of gravel, when $5\frac{1}{2}$ bags of cement to the cubic yard was the requirement.

The Referees found that the quantity of cement prescribed for a cubic yard of concrete was increased to meet the requirements of the engineers, in all "but an exceedingly small fractional part of the work," a material departure from the terms of the contract of these parties.

The Referees also found that in addition to gravel furnished under the contract, plaintiff agreed to furnish that of another type, known as bank gravel to be used in connection with the bridge construction but not for the making of concrete, and that the sum paid for bank gravel was $505.63, to the satisfaction of both parties.

As construction proceeded a difference of opinion arose as to whether sand and gravel furnished and used in making the concrete needful for building the approaches was covered by the provision as to material for the "bridge." The Referees found that the provision applied to material in the concrete for the approaches, and that the finished concrete in bridge and approaches measured 2772.6 cubic yards.

But, to lose no time in construction, the parties had agreed, until the difference of opinion should be settled, "without prejudice to the rights or claims of either party hereto under the terms" of their original contract, the defendant was to pay for the sand and gravel necessary to complete the approaches at a greater price for each than specified in the provision, and that $205.05 in excess was paid, for sand and gravel, from the time of the supplementary agreement to completion of the concrete in the approaches.

This sum the findings show is to be awarded defendant by way of recoupment.

Finally, from the findings we learn that plaintiff delivered sand and gravel, which, by actual weight, charged to defendant at the prices specified, would call for credit for $5,580.01. The Justice below ruled that the plaintiff is entitled to be paid for the quantities of material actually shown to have been furnished, and at the price specified for mixture containing 5½ bags of cement to a cubic yard of concrete, and computed the balance unpaid as $490.06, giving judgment for that sum, relying on the pronouncement of this Court in *Jewett* v. *Weston*, 11 Me., 346, that, "When a party has entered into a special contract to perform work for another, and the work is done, but not in the manner stipulated for in the contract, the party performing it may recover on a *quantum meruit*, especially if the other party has accepted the labor, or is in the enjoyment of its fruits." He also ruled that the price stipulated for the lower content of cement is the measure of recovery.

While it is true that where an earth embankment is to be paid for at a certain rate per cubic yard, the contractor furnishing the material must stand for the natural waste and shrinkage, *Clark* v. *U. S.*, 6 Wall., 543, the contest here is over material furnished for masonry, and the Referees present to the court that payment, under the accepted view of the case should be for the amount delivered, as used.

On the record we approve the decision of the Court below, and the mandate is

*Exceptions overruled.*